PER CURIAM. Plaintiffs, by this action to restrain and enjoin defendant, sheriff of Beaufort County, from enforcing a criminal statute in said county, seek to present for decision the question as to the constitutionality of the statute. It has been repeatedly held that this cannot be done. *Moore v. Bell,* 191 N. C., 305, and cases therein cited. There are no sufficient allegations in the complaint that property rights of plaintiffs are or will be affected by the enforcement of the statute to bring the action within the principle recently restated in *Angelo v. City of Winston-Salem,* 193 N. C., 207.

The temporary restraining order was improvidently made. The judgment dissolving this order and dismissing the action is

Affirmed.

---

JANIE GILL, ADMINISTRATRIX OF MARTHA GILL, v. CEASES'
LUNCH SYSTEM, INC.

(Filed 26 October, 1927.)

APPEAL by plaintiff from *Sinclair, J.,* at May Special Term, 1927, of DURHAM.

*Brawley & Gantt for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

PER CURIAM. This was an action for the recovery of damages for the death of the plaintiff's intestate alleged to have been caused by her eating unwholesome food negligently provided in the defendant's cafeteria. At the close of the evidence the action was dismissed as in case of nonsuit. The judgment is affirmed on the authority of *Lamb v. Boyles,* 192 N. C., 542. See annotation in 49 A. L. R., 592.

Affirmed.

---

E. F. SHUTT, ADMINISTRATOR, v. REYNOLDS-LYBROOK FARM.

(Filed 2 November, 1927.)

APPEAL by plaintiff from *Harding, J.,* at March Term, 1927, of FORSYTH.

Civil action in tort to recover damages for the death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of defendant.

Eugene Shutt, a man 34 years of age, had worked on defendant's farm for more than seven years and had been foreman of the place about three and one-half years, when on 29 September, 1923, while disking a field with a caterpillar tractor, preparatory to sowing grain, he was mortally injured in a fall beneath the tractor as it ran too near a ditch, the bank giving way and causing the tractor to turn over.

It is not alleged that the tractor was defective. Plaintiff bottoms his action on the alleged circumstance of negligence in that the defendant failed to warn the deceased of the soft ground and the danger of running too near the ditch.

At the close of plaintiff's evidence the defendant lodged a motion for judgment as in case of nonsuit, which was allowed. Plaintiff appeals, assigning error.

*Wallace & Wells and Benbow, Hall & Benbow for plaintiff.*
*Manly, Hendren & Womble for defendant.*

PER CURIAM. Plaintiff's intestate was the victim of an unfortunate accident, but the evidence fails to disclose any liability on the part of the defendant.

Affirmed.

---

### C. H. SCALES v. R. E. WALL.

(Filed 9 November, 1927.)

APPEAL by defendant from *Harding, J.,* at June Term, 1927, of ROCKINGHAM. No error.

Action to recover upon accounts for supplies sold and delivered by plaintiff, a merchant, to tenants of defendant, a landlord. Plaintiff alleged that prior to the sale and delivery of said supplies defendant agreed to pay for same; this allegation was denied by defendant. The issue was answered by the jury in accordance with the contention of plaintiff.

From judgment upon the verdict defendant appealed to the Supreme Court.

*Swink, Clement & Hutchins for plaintiff.*
*McMichael & McMichael and Manly, Hendren & Womble for defendant.*

PER CURIAM. The only matter involved in the controversy which is the subject of this action is whether or not defendant agreed, prior to